UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

DONALD E. BUCKMAN     PETITIONER

v.     Civil Action No. 3:18-CV-00763-JRW-LLK

DE'EDRA A. HART, Warden     RESPONDENT

## ORDER

This Court:

1. **DENIES** Buckman's Motion for a Ruling (DN 14);

2. **ADOPTS** Magistrate Judge Lanny King's Findings, Conclusions, and Recommendation in its entirety (DN 12);

3. **GRANTS** Hart's Motion to Dismiss (DN 9);

4. **DENIES** Buckman's petition for Habeas Corpus under 28 U.S.C. § 2254 (DN 1); and

5. **DENIES** a Certificate of Appealability.

## OPINION

In 1987, a state court convicted Donald Buckman of murder.[1] In 1994, he filed a state habeas petition. The petition was unsuccessful.[2]

Beginning May 5, 1996, Buckman's state habeas petition was no longer pending.[3] That means he had until May 5, 1997, to file a federal habeas petition, because AEDPA establishes a 1-year period of limitation for filing a federal habeas petition.[4]

---

[1] DN 1-1 at #25; DN 9-2 at #52.
[2] DN 9-2 at 107-110.
[3] *Id.*; *see also* Ky. R. Civ. P. 76.20(2).
[4] 28 U.S.C. § 2244(d).

Buckman filed this federal habeas petition in 2018.[5] That's 21 years too late.

Magistrate Judge King explained as much in his Findings, Conclusions, and Recommendation on May 7, 2019.[6] After that, Buckman filed a "Motion for Ruling."[7]

The "Motion for a Ruling" should probably not be construed as objections to Judge King's report. The Court therefore need not undertake a de novo review of Judge King's report. But even under a de novo standard of review, Buckman's arguments lack merit. We therefore adopt Judge King's report in its entirety, including his second footnote regarding the habeas petition's merits (or lack thereof).[8]

Buckman is not entitled to a Certificate of Appealability because no reasonable jurist would find the question presented to be debatable.[9]

*Justin R. Walker*

Justin R Walker, District Judge
United States District Court

August 25, 2020

---

[5] DN 1.
[6] DN 12.
[7] DN 14.
[8] DN 12.
[9] *See Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000); *see also Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (Thapar, J.) ("In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect.").